IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STEVEN WALTER EASON, #118089                                              PETITIONER

v.                                                    CIVIL ACTION NO. 2:13-cv-182-KS-MTP

STATE OF MISSISSIPPI                                                      RESPONDENT

ORDER DENYING PETITIONER'S MOTION [10] FOR RELIEF FROM JUDGMENT
OR ORDER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b)(3),
OR IN THE ALTERNATIVE, *HAZEL-ATLAS* INDEPENDENT ACTION IN
ACCORDANCE WITH "FRAUD UPON THE COURT"

This matter is before the Court on Petitioner's Motion [10] for Relief from Judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, *Hazel-Atlas* independent action in accordance with "fraud upon the Court."[1] Petitioner argues "that the State committed fraud upon the court which influenced the Court into ruling in its favor on an application for permission to file a successive habeas." Pet'r's Mot. [10] at 1. Having reviewed the record and Petitioner's Motion [10], the Court will deny Petitioner's Motion [10] because this Court lacks jurisdiction to consider the instant Motion.

Petitioner states that he filed an application for permission to file a successive habeas on December 6, 2016, in the United States Court of Appeals for the Fifth Circuit which was assigned cause no. 16-60811. Pet'r's Mot. [10] at 2. The Fifth Circuit "asked the state, . . ., to respond to the application on Jan. 11, 2017." *Id*. The State then filed a response. *Id*. On January 24, 2017, the Fifth Circuit denied Petitioner's application. *Id*. Petitioner has filed a

---

[1] The Court finds Petitioner is referring to United States Supreme Court's decision in *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238 (1944). In *Hazel-Atlas*, the Supreme Court found that an exception to the general rule "that judgments should not be disturbed after the term of their entry has expired" existed "under certain circumstances, one of which is after-discovered fraud." *Hazel-Atlas*, 322 U.S. at 244.

number of pleadings with the Fifth Circuit attempting to demonstrate "a procedural violation by the court, (it never allowed the petitioner to object/reply to the states response)." *Id*. Because Petitioner's pleadings, including writs, filed in the Fifth Circuit were not acknowledged, Petitioner filed this Motion [10]. *Id*.

Petitioner argues that a fraud was committed by the State in its Response to Petitioner's application to file a successive habeas petition filed with the Fifth Circuit. *See* Pet'r's Mot. [10] at 1-12. As a result of this alleged fraud, the Fifth Circuit denied Petitioner's application to file a successive habeas petition. *Id*. Petitioner is requesting that this District Court review the decision of the Fifth Circuit denying Petitioner's application to file a successive habeas and "find that the State did in fact 'commit[] fraud upon the court' purposely and grant relief from the fraudulent judg[]ment." *Id*. at 12. Because this Court lacks jurisdiction to review a decision of the Fifth Circuit or authorize the filing of a second or successive § 2254 motion, *see* 28 U.S.C. §2244(b)(3)(A), Petitioner's Motion [10] will be denied. Accordingly, it is

ORDERED that Petitioner's Motion [10] pursuant to Federal Rules of Civil Procedure 60(b)(3), or in the alternative, *Hazel-Atlas* independent action in accordance with "fraud upon the court," is denied for this Court's lack of jurisdiction.

SO ORDERED, this the   24th   day of October, 2017.

                                               s/Keith Starrett
                                               UNITED STATES DISTRICT JUDGE